IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:25-cv-00121-M-KS

| | |
|---|---|
| UNIVERSITY HEALTH SYSTEMS OF EASTERN CAROLINA, INC. D/B/A ECU HEALTH; PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED D/B/A ECU HEALTH MEDICAL CENTER, and D/B/A ECU HEALTH BEAUFORT HOSPITAL – A CAMPUS OF ECU HEALTH MEDICAL CENTER; EAST CAROLINA HEALTH – BEAUFORT, INC.; DUPLIN GENERAL HOSPITAL, INC. D/B/A ECU HEALTH DUPLIN HOSPITAL; and EAST CAROLINA HEALTH – HERITAGE, INC. D/B/A ECU HEALTH EDGECOMBE HOSPITAL,<br><br>    Plaintiffs,<br><br>    v.<br><br>PARTNERS NATIONAL HEALTH PLANS OF NORTH CAROLINA, INC. and BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA,<br><br>    Defendants. | **REPORT OF THE PARTIES' PLANNING MEETING**<br>Fed. R. Civ. P. 26(f) |

    Plaintiffs University Health Systems of Eastern Carolina, Inc. d/b/a ECU Health; Pitt County Memorial Hospital, Incorporated d/b/a ECU Health Medical Center, and d/b/a ECU Health Beaufort Hospital – A Campus of ECU Health Medical Center; East Carolina Health – Beaufort, Inc.; Duplin General Hospital, Inc. d/b/a ECU Health Duplin Hospital; and East Carolina Health – Heritage, Inc. d/b/a ECU Health Edgecombe Hospital (collectively, "ECU Health") and Defendants Partners National Health Plans of North Carolina, Inc. and Blue Cross and Blue Shield of North Carolina (collectively, "Blue Cross") (together, the "Parties"), by and through their

1

1602078457.2
Case 4:25-cv-00121-M-KS   Document 25   Filed 09/25/25   Page 1 of 8

undersigned counsel and pursuant to Fed. R. Civ. P. 26(f) and the Court's August 15, 2025 Order for Discovery Plan, respectfully submit this joint report of the parties' planning meeting.[1]

## PREFATORY STATEMENT

The Parties have conferred and propose that this matter should be bifurcated such that there may be a ruling on the liability on ECU Health's claims, which turns on purely legal issues; namely, the legal application (if any) of the Supreme Court's ruling in *American Hospital Association v. Becerra*, 142 S. Ct. 1896 (2022), and the subsequent actions by the Center for Medicare and Medicaid Services ("CMS") in response to *Becerra* (the "Final Rule") on the Parties' Agreement,[2] and the proper interpretation of the Parties' Agreement.

ECU Health argues the Supreme Court's ruling in *Becerra* and the remedy set forth in the Final Rule impacts Blue Cross's obligations under their Agreement. Specifically, ECU Health contends that Blue Cross breached the Agreement by failing to make required payment thereunder following the Supreme Court's unanimous decision in *Becerra*, in which it held that the federal benchmark the Parties incorporated into their Agreement has always required reimbursement for 340B drugs at average sales price plus six percent ("ASP + 6%") rather than average sales price minus 22.5% ("ASP – 22.5%"), and CMS subsequently made prospective, lump sum payments to affected providers under the Hospital Outpatient Prospective Payment System (OPPS) to correct its unlawful underpayments. Blue Cross contends *Becerra* and the CMS Final Rule do not retroactively apply to the contracts between Blue Cross and ECU Health, and that Plaintiffs'

---

[1] This report is being submitted subject to Blue Cross's pending Motion to Dismiss (ECF Nos. 19-20) and ECU Health's pending Motion to Remand (ECF Nos. 23-24).

[2] "Agreement" as used herein has the meaning ascribed to it in ECU Health's State Court Complaint (ECF No. 1-1).

complaint does not identify any specific provisions of the contracts that would require such a retroactive rate change.

Determination of this threshold dispute will help to streamline this matter and may lead to a full resolution, depending on the outcome. The following schedule contemplates that the threshold legal issue of whether there is any liability on ECU Health's claims be determined before the Parties and the Court use judicial resources conducting discovery, motion practice, or otherwise by investigating any counterclaims, affirmative defenses, or claims for damages.

## **REPORT**

1. The following persons participated in a Rule 26(f) conference on September 12, 2025, by Teams conference:

Anderson M. Shackelford (K&L Gates LLP), representing ECU Health.

Brad Roehrenbeck and Richard Self (Kilpatrick Townsend & Stockton LLP), representing Blue Cross.

2. Initial Disclosures. If this case reaches the Phase II discovery period proposed below, then the parties will include a date for the initial disclosures required by Rule 26(a)(1) in their Phase II joint discovery plan.

3. Discovery Plan. The Parties propose bifurcating this matter into two phases. The first phase would focus on the threshold issue of whether Blue Cross is liable on ECU Health's claims raised in ECU Health's Complaint. The second phase, if necessary, would focus on any counterclaims, affirmative defenses, or claimed damages arising from any of the Parties' claims or counterclaims raised in this matter. The Parties propose the following bifurcated schedule:

**Phase I:**

(a) Aside from discovery on (1) the Agreement at issue between ECU Health and Blue Cross; and (2) claims data (in Excel format and as kept in the ordinary course of business) relating to ECU Health's disputed claims, no further discovery shall be conducted until the Court rules on the liability on ECU Health's claims in the Parties' early cross-motions for summary judgment.

(b) Date for exchanging ECU Health's account spreadsheet: **October 17, 2025**.

Date for exchanging Blue Cross's responsive account spreadsheet: **November 17, 2025**.

Dates for exchanging contract documents applicable to the dispute: **November 17, 2025**.

(c) No interrogatories shall be propounded during Phase I.

(d) No requests for admission shall be propounded during Phase I.

(e)-(f) No depositions shall be conducted during Phase I.

(g)-(h) No expert reports shall be exchanged until such time as the Court rules on the liability on ECU Health's claims.

(i) Discovery in this case may involve ESI. The Parties will address any ESI protocol that may arise as part of an ongoing Rule 26(f) conference if and when those issues arise.

(j) The Parties anticipate that they may exchange commercially sensitive and highly sensitive protected health information ("PHI") as part of discovery in this matter. The Parties will confer on this issue and will submit a proposed Qualified Protective Order to address, among other privacy concerns, Health Insurance Portability and

Accountability Act ("HIPAA") restrictions on the exchange of PHI and provisions for confidential and attorneys' eyes-only protections, within thirty (30) days of submitting this case management report.

**Phase II:** Within twenty (20) days after a ruling on the cross-motion(s) for summary judgment focused on the preliminary issue of whether there is liability on ECU Health's claims, the Parties shall confer and submit a joint case management statement providing a schedule for litigating all remaining issues, including but not limited to any counterclaims, affirmative defenses, and claims for damages.

4. Other Items:

(a) The Parties believe it is unnecessary to meet with the Court before a scheduling order is entered unless the Court needs any additional explanation as to the efficiency of bifurcating the matter into two phases or otherwise prefers such a meeting.

(b) The Parties agree that if this matter were to proceed to Phase II of the proposed bifurcated schedule, a pretrial conference at least 60 days prior to trial is appropriate.

(c) Final dates for ECU Health to amend pleadings or to join parties: **October 17, 2025**.

(d) Final dates for Blue Cross to amend pleadings or to join parties: **October 31, 2025**.

(e) Final dates to file Phase I dispositive motions: **May 29, 2026**. Regardless of when Phase I dispositive motions are filed, responses in opposition are due **June 29, 2026**. Regardless of when responses in opposition are filed, replies in support of Phase I dispositive motions are due **July 17, 2026**. The Parties reserve their right to file additional dispositive motions in Phase II.

(f) Settlement does not appear likely at this time.

(g) The Parties propose conducting mediation during Phase II if the case is not resolved during Phase I. The Parties agree that if this matter were to proceed to the second phase of the proposed bifurcated schedule, mediation should be completed after the close of discovery in that phase but prior to the dispositive motion deadline.

(h)-(j) The Parties propose that this matter be bifurcated such that only the preliminary issue of whether there is liability on ECU Health's claims is decided in the first phase. The trial length will depend on the ruling on the motion(s) for summary judgment on this preliminary issue. As such, the Parties request the opportunity to submit a Case Management Statement within twenty (20) days of any ruling on the motion(s) for summary judgment on the preliminary issue that would provide a proposed discovery schedule, final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists and objections to same, trial date, and trial length for the remaining issues, including but not limited to any counterclaims, affirmative defenses, and claims for damages.

(k) None.

Dated: September 25th, 2025      **K&L GATES LLP**

*/s/ Anderson M. Shackelford*
Gary S. Qualls
N.C. State Bar No. 16798
gary.qualls@klgates.com
Nate A. Huff
N.C. State Bar No. 40626
nate.huff@klgates.com
Anderson M. Shackelford
N.C. State Bar No. 49510
anderson.shackelford@klgates.com

430 Davis Drive
Morrisville, NC 27560
Telephone: (919) 466-1195
Facsimile: (919) 516-2072

*Counsel for Plaintiffs*

**KILPATRICK TOWNSEND & STOCKTON LLP**

*/s/ Chad D. Hansen*
Chad D. Hansen
N.C. State Bar No. 32713
chadhansen@ktslaw.com
Bradley A. Roehrenbeck
N.C. State Bar No. 34180
broehrenbeck@ktslaw.com
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

D. Richard Self
N.C. State Bar No. 60087
rself@ktslaw.com
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 420-1800

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Fed. R. Civ. P. 5(b)(2)(E), the undersigned served a copy of the foregoing document by filing the same with the court's electronic filing system, which will electronically transmit a copy to all attorneys of record.

Dated: September 25, 2025                K&L GATES LLP

/s/ Anderson M. Shackelford
Gary S. Qualls
N.C. State Bar No. 16798
gary.qualls@klgates.com
Nate A. Huff
N.C. State Bar No. 40626
nate.huff@klgates.com
Anderson M. Shackelford
N.C. State Bar No. 49510
anderson.shackelford@klgates.com
430 Davis Drive
Morrisville, NC 27560
Telephone: (919) 466-1195
Facsimile: (919) 516-2072

*Counsel for Plaintiffs*